# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6456 | **DATE** | 6/26/2002 |
| **CASE TITLE** | AMSLEEP, INC. vs. AMERICAN MATTRESS CENTERS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss [6-1] is granted. This case is dismissed without prejudice for lack of personal jurisdiction. This is a final and appealable order. Enter Memorandum Opinion and Order. Any pending motions and schedules are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 7 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 13 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | 02 JUN 27 PM 4:27 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| AMSLEEP, INC. d/b/a American Mattress, | ) ) ) | **DOCKETED** |
| Plaintiff, | ) ) | JUN 2 7 2002 |
| | ) ) | No. 01 C 6456 |
| v. | ) ) ) ) ) | Judge Ronald A. Guzman |
| AMERICAN MATTRESS CENTERS, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Amsleep, Inc. d/b/a American Mattress ("Amsleep"), an Illinois corporation with its principal place of business in Illinois, has filed a two count complaint alleging Federal Unfair Competition (Count I) and Federal Trademark Dilution (Count II) against Defendant American Mattress Centers, Inc. Defendant has moved to dismiss Amsleep's complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Alternatively, Defendant requests, should the court deny its motion to dismiss, that the action be transferred to the federal court in North Carolina pursuant to 28 U.S.C. § 1404. Because the Court grant's Defendant's motion to dismiss for lack of personal jurisdiction, it need not address the merits of the motion to transfer.

## FACTS

Amsleep d/b/a/ ("Amsleep") is the owner and operator of a successful and popular multi-



state chain of retail stores selling mattresses, box springs, foundation units, beds, bed frames and other bedding related items under the AMERICAN MATTRESS mark and the AMERICAN MATTRESS logo (collectively the "AMERICAN MATTRESS marks"). Through its predecessor, the AMERICAN MATTRESS marks were used at least as early as 1987 and in interstate commerce at least as early as 1996. Amsleep owns and operates more than fifty-four bedding related stores in Illinois and Indiana under the AMERICAN MATTRESS MARKS, and at least sixty percent of these bedding related stores are located in the Chicago area, including several of which are located in the City of Chicago. Amsleep's application for federal registration of its AMERICAN MATTRESS mark is currently pending before the United States Patent and Trademark Office.

Amsleep filed its complaint against Defendant on August 20, 2001. In count one Amsleep alleges unfair competition under the Federal Trademark Act 15 U.S.C. § 1125(a) and trademark dilution under 15 U.S.C. § 1125(c). More specifically, Amsleep alleges that Defendant is operating retail outlets for Sealy brand mattresses, and on information and belief, other related bedding items, under the appellation "American Mattress Centers" in retail spaces sublet from Wal-Mart at multi-state Wal-Mart store locations. Amsleep contends that the displays and the "American Mattress Centers appellation with its stars-and stripes design is strikingly similar to Amsleep's AMERICAN MATTRESS logo."

Defendant has challenged this Court's exercise of personal jurisdiction. Defendant claims that Amsleep cannot show that either general or specific jurisdiction exists here. Even if the Court were to find that jurisdiction is properly asserted, Defendant asks this Court to transfer this action to Middle District of North Carolina, which, it claims is a more convenient and

suitable venue. Amsleep counters that jurisdiction is properly asserted under Illinois and federal law.

## DISCUSSION

Defendant raises two primary arguments in support of its motion to dismiss for lack of personal jurisdiction. First, Defendant claims that general personal jurisdiction does not lie against Defendant because Defendant does not "do business" in Illinois. Second, Defendant argues that specific personal jurisdiction does not lie against Defendant since none of the Defendant's allegedly tortious acts took place in Illinois. Each of these arguments will be addressed in turn.

**Standard of Review**

Plaintiffs carry the burden of establishing a prima facie case for personal jurisdiction. *See Steel Warehouse of Wisc., Inc. v. Leach,* 154 F. 3d 712, 714 (7th Cir. 1998). A federal court has personal jurisdiction over a litigant only if a state court in the same district would have jurisdiction over that party. *Klump v. Duffus,* 71 F. 3d 1368 (7th Cir. 1995). When deciding whether the plaintiff has made the necessary showing, a court can look to affidavits and exhibits submitted by each party. *Turnock v. Cope,* 816 F. 2d 332, 333 (7th Cir. 1987). Jurisdictional allegations in the complaint are taken as true, unless controverted by the defendant's affidavits or exhibits, and any factual disputes must be resolved in favor of the plaintiff. *See id.* Illinois courts will assert jurisdiction over a defendant in a diversity action only after the satisfaction of state statutory law, constitutional law, and federal constitutional law. *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F. 3d 1272 (7th Cir. 1997). The court may exercise personal jurisdiction over a defendant where the defendant has sufficient minimum contacts with the forum state. *World-Wide*

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980); *Int'l. Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154, 156, 90 L. Ed. 95 (1945). The minimum contacts can establish two types of jurisdiction–general or specific. The defendant is subject to general jurisdiction when it is either domiciled in the forum state, *see Euromarket Designs, Inc. v Crate & Barrel, Ltd.*, 96 F. Supp 2d 824, 833 (N.D. Ill. 2000), or "where the defendant has continuous and systematic general business contacts with the forum[,]" *R AR, Inc.*, 107 F. 3d at 1277 quoting *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 416 (1984)(internal quotations omitted).

## A. General Personal Jurisdiction

"A defendant whose contacts with a state are 'substantial' or 'continuous and systematic' can be haled into court in that state in any action, even if the action is unrelated to those contacts." *Bancroft + Masters, Inc. v. Augusta*, 223 F. #d 1082, 1086 (7th Cir. 2000). Amsleep alleges that the Defendant is subject to the general jurisdiction of this court because it does business in Illinois. Amsleep points to Defendant's Indiana locations and outlet stores which are allegedly on Illinois' doorstep and are frequented by Illinois residents. Amsleep claims that Defendant has intentionally registered americanmattresscenters.com as an Internet domain name. Amsleep submits the affidavits of Jason Herrera and Peter Papoutsis who both state under oath that Illinois residents routinely shop at the Wal-Marts in Indiana.

Defendant in response to Amsleep's argument puts forth that Amsleep has no federal registration for its alleged mark and that Defendant does not do business in Illinois. Michael Matsinger, Vice President of Operations for Defendant states under oath that Defendant is a North Carolina Corporation and that none of its employees work or reside in Illinois, Defendant

has no offices in Illinois, has no retail stores in Illinois, has no manufacturing facilities in Illinois, sells no products in Illinois, is not registered to transact business in Illinois, pays no taxes in Illinois and owns no real estate in Illinois.

We find Amsleep's argument insufficient as a matter of law for purposes of establishing general jurisdiction over this Defendant. The fact that Illinois' residents travel out of state to shop in Indiana cannot be concluded to be some purposeful action directed toward Illinois. First, there is no evidence that the Defendant has sold its bedding products in Illinois other than the affidavits offered to establish that Illinois residents travel out of state to shop. It is also undisputed that Defendant has never been incorporated in Illinois, manufactured any products in Illinois, had an agent in Illinois, maintained an office in Illinois, employed any employees in Illinois, owned real estate in Illinois of payed taxes in Illinois. Hence, there is no evidence to support Amsleep's assertion that Defendant has general contacts within Illinois. Therefore, general jurisdiction cannot be established over the Defendant.

**B. Specific Personal Jurisdiction**

Next, Amsleep argues that this Court has specific jurisdiction over Defendant. In a federal question case, the court's assertion of personal jurisdiction must satisfy the due process requirements familiarly characterized as "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). The court may exercise personal jurisdiction over a defendant where the defendant has sufficient minimum contacts with the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S. Ct. 559, 564, 62 L. Ed. 2d 490 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).

To determine whether specific jurisdiction exists, this Court must decide whether the defendant has "purposefully established minimum contacts within the forum state" and whether those contacts would make personal jurisdiction reasonable and fair under the circumstances. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Defendant must have "purposefully availed" itself of the privilege of conducing activities within the forum state, thus invoking the benefits and protections of its laws such that they should "reasonably anticipate being haled into court there." *Asahi-Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987). In federal cases, the plaintiff must satisfy two elements for specific jurisdiction: (1) the plaintiff must show that the defendant is amenable to service of process; and (2) the plaintiff must establish that haling the defendant into court is consistent with the Fifth Amendment's due process clause. *LFG, LLC v. Zapata Corp.,* 78 F. Supp. 2d 731, 734 (N.D. Ill. 1999) (citing *United States v. De Ortiz,* 910 F. 2d 376, 381-82 (7th Cir. 1990). Amenability to service of process is governed by Illinois' long-arm statute.

**1. Amenability to Service**

The Federal Rules of Civil Procedure provide that service is sufficient to establish personal jurisdiction over the defendant either, first, when such service is provided for by a United States statute, or second, when the defendant could be subjected to the jurisdiction of a court in the forum state through that state long-arm statute. Count one of Amsleep's complaint sets forth a claim for unfair competition in violation of the Trademark Laws of the United States pursuant to 15 U.S.C. § 1125 (a) ("Lanham Act') and Count II federal trademark dilution under 15 U.S.C. § 1125(c)(1). No state claims are asserted. Because the Lanham Act does not provide for service of process, Defendant's amenability to service is governed by Illinois' long-arm

statute, 735 Ill. Comp. Stat. Ann. 5/2-209(a)(1992).

Under the Illinois long-arm statute, a court may exercise jurisdiction over nonresidents defendants, "as to any cause of action arising from the doing of any such act [as]:

(1) the transaction of any business within this State;

(2) the commissions of a tortious act within this State;

\*\*\*

735 ILCS 5/2-209(a)(1992).

The Illinois long-arm statute further states: "A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c)(1992). Finally, where jurisdiction is predicated on subsection (a), only a cause of action arising from the enumerated acts may be asserted against a nonresident defendant, and each cause of action alleged must independently arise from one of the enumerated acts. 735 ILCS 5/2-209(f)(1992); *Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.*, 906 F. 2d 276, 279 (7th Cir. 1990).

The Seventh Circuit has held that the Illinois long-arm statute is coextensive with federal due process requirements; if the contacts between the defendants and Illinois are sufficient to satisfy the requirements of due process, then the requirements of both the Illinois long-arm statute the United States Constitution have been met, and no other inquiry is necessary. *Klump v. Duffus*, 71 F. 3d 1368, 1371 (7th Cir. 1995). Therefore, if jurisdiction is improper under the Illinois or United States Constitutions, then this Court cannot exercise jurisdiction over the Defendant. *See RAR*, 107 F. 3d at 1276.

**2. Due Process**

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp.1119, 1122-23 (W. D. Pa. 1997) sets forth a three part test to determine whether specific jurisdiction over a non-resident defendant satisfies the requirements of the Fourteenth Amendment. The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. *Id.*

### a. Purposeful Availment

"The purposeful availment requirement ensures that a nonresident defendant will not be haled into court based upon 'random, fortuitous or attenuated' contacts with the forum state." *Panavision Int'l. L.P. v. Toeppen,* 141 F. 3d 1316, 1320 (9th Cir. 1998). A foreign act is expressly aimed at the forum state "when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Id.*

In this case, Defendant's activities cannot establish that it deliberately established minimum contacts with Illinois and purposefully availed itself of the privilege of conducting activities in Illinois under both the traditional effects test and the sliding scale analysis developed for internet activities in trademark infringement suits.

Amsleep alleges that Defendant purposefully availed itself of Illinois' jurisdiction because Defendant committed a tort in Illinois. This tort, Amsleep explains, is the sale of bedding products using an infringing appellation. Amsleep points out that its activities and its trademark use are all concentrated in the Illinois forum, and that Amsleep is being intentionally

and knowingly targeted by the Defendant's tortious activities.

Defendant denies that Amsleep suffered a tort because one, Amsleep does not have a federally registered trademark and two, even if it did, the infringement of an intellectual property right, by definition, occurs where the owner suffers damages, i.e. where the owner is located. Defendant claims that Amsleep has suffered no damage in Illinois.

A foreign act that is aimed at, and has effect in, the forum state satisfies the purposeful availment requirement. *See Calder v. Jones,* 465 U.S. 783, 788-89 (1984), The *Calder* effects test is generally applicable in the context of claims arising from intentional torts. This test is satisfied when a defendant has: "(1) committed an intentional act, which was (2)expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered in the forum state." *Panavision Int'l, L.P.,* 141 F. 3d at 1321citing *Core-Vent Corp. v. Nobel Industries AB,* 11 F. 3d 1482, 1486 (7th Cir. 1993)(internal quotations omitted). In *Calder,* the entertainer Shirley Jones sued a writer and editor and the National Enquirer for libel in a California court. The defendants were Florida residents and had done most of their research and writing in that state. The Supreme Court held that jurisdiction was proper "based on the 'effects' of their Florida conduct in California." *Calder,* 464 U.S. at 789, 104 S. Ct. 1482. The Seventh Circuit applied the *Calder* effects test in *Indianapolis Colts, Inc. v. Metro. Baltimore Football Club, Ltd. P'ship,* 34 F. 3d 410, 411-12 (7th Cir. 1994).

Under the effects announced in *Calder,* the court finds that the first prong of purposeful availment has been satisfied because "[a] company that sells an allegedly infringing item to an Illinois customer has committed a tort in Illinois." *TY Inc., v. BABY ME INC.,* N. 00 C 6016, 2001 U.S. Dist. LEXIS 5761, at * 16 (N.D. Ill. Apr. 20, 2001)(citing *Indianapolis Colts, Inc. v.*

*Metro. Baltimore Football Club, Ltd. P'ship,* 34 F. 3d 410, 411-12 (7th Cir. 1994). The affidavits filed in connection with this motion indicate that Illinois residents travel to Indiana to purchase Defendant's bedding products. Thus, the court shall focus on the second prong of the effects test to determine whether Defendant's acts were expressly aimed at the forum state.

### b. Arising out of forum-related activities

A defendant's knowledge of a resident plaintiff's use of a mark in an intellectual property tort claim is not enough to satisfy the effects test for personal jurisdiction. Something more, such as wrongful conduct, must be alleged, which Amsleep has not successfully done. First, there is no evidence that the defendant has sold its product in Illinois. To be sure, Indiana is a doorstep away from Illinois–but Indiana is not Illinois. If an Illinois resident decides to travel to Indiana to purchase a mattress from defendant, Indiana is where the transaction of business takes place. Amsleep fails to cite any precedent that contacts in Indiana yields jurisdiction in Illinois. That a product sold in Defendant's Indiana location may someday be transported by an Illinois resident into Illinois does not convert Defendant's Indiana contacts into Illinois contacts. *In re Mid-Atlantic Toyota Antitrust Litig.,* 525 F. Supp. 1265, 1274 (D. Md. 1981) explained the following:

> No Toyotas were sold in the District of Columbia and no tortious injury occurred there [price-fixing injury is at place of sale]. The fact that District residents may have brought Toyotas in neighboring states and brought it to the District is irrelevant. The Supreme Court has rejected, as not satisfying the Due Process requirement of minimum contacts, the idea that one who sells a product in one forum is subject to jurisdiction in another forum, whose only connection with the seller is that a purchaser transported the product into the forum and suffered an injury there. This is true even if it is foreseeable that the purchaser will transport the product into the other forum.

525 F. Supp. 1265, 1274 (D. Md. 1981).

Furthermore, there is no evidence that Defendant has directly advertised in Illinois or had any other contacts with Illinois. Reference is made by Amsleep to a receipt of Defendant's but the receipt directs the reader to three Walmart locations all outside of Illinois.

Plaintiff finally alleges that Defendant has committed a tort in Illinois through use of its americanmattresscenters.com website. The Ninth Circuit in *Panavision* used both the sliding scale approach and the effects test to find personal jurisdiction over an Illinois resident who registered the Panavisions's trademark as its domain name, 141 F. 3d at 1322.

Three categories of internet activity have been described: whether the defendant conducts business over the Internet through its active website, whether defendant maintains an interactive website, or whether the defendant maintains a passive website. *See School Stuff, Inc. v. Sch. Stuff, Inc.*, No. 00 C 5593, 2001 WL 558050 at *3 (N.D. Ill. May 21, 2001). Courts generally exercise jurisdiction where an active website exits and do not exercise jurisdiction for passive website. *L.G. v. LLC*, 78 F. Supp. 2d 731, 736 (N.D. Ill. 1999). In the instant case it is undisputed that Defendant's website has been designed to block access by Illinois residents. If you attempt to reach the website through that name in Illinois you are transported to "register.com" and essentially hit a blank wall. Thus, under the sliding-scale approach defendant's website contacts can only be concluded to be passive at best. Accordingly, it cannot be concluded that Defendant purposefully availed itself of the privilege of conducting business activities in Illinois.

### c. Reasonableness

Finally, the Courts look to whether the exercise of jurisdiction would be reasonable in this case. *See Panavision Int'l, L.P.*, 141 F. 3d at 1320. In *Burger King*, the Supreme Court established the reasonableness test by holding that "where a defendant who purposefully has

directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King,* 471 U.S. at 477. The defendant has not purposefully directed its activities at forum residents and is therefore not subject to this requirement.

## CONCLUSION

For the reasons set forth above Defendant's motion to dismiss is hereby granted. This case is dismissed without prejudice for lack of personal jurisdiction. This is a final and appealable order.

So Ordered. 6/26/02   Entered _____
Ronald A. Guzman
United States Judge